IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

IN RE THE SEIZURE OF:
One 2018 Forest River Forester 2391
Recreational Vehicle ("RV"),
VIN 1FD2S9M1GKA97463,
$521,550.00 in U.S. Currency, and
miscellaneous property,

_____

PATRICK N. BARBER

    Petitioner,

v.                                                                 No. 18-mc-0039-DRH

United States of America, Department of
Justice, Drug Enforcement Administration,
And the United States Marshal for the
Southern District of Illinois,

    Respondents.

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

This matter comes before the Court for disposition of two motions for return of property. The first motion, docketed June 5, 2018, was filed pursuant to Federal Rule of Criminal Procedure 41(g), "Search and Seizure". [Doc. 1]. This motion, along with an Ex Parte Emergency Motion for the Sequestration, Preservation and Production of U.S. Currency, Police Radio Transmissions and Visual Recordings or Communication Tape(s) (doc. 2), opened the case. Because the matter was opened with a motion, and not a Complaint, the case was docketed as a "miscellaneous cause."

1

Due to the time sensitive and delicate nature of the petitioner's ex parte motion, the Court issued an Order the following day based on petitioner's allegations to ensure that evidence would be properly preserved (doc. 4). The United States responded to this Order on June 28, 2018 advising of the posture of the seized U.S. Currency and to inform Mr. Barber that the government recognized his motion for return of property as a "claim," meeting the standards set forth in Rule G(5)(a)(i)(C) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions. *See* doc. 7 at 4-5. Accordingly, the United States made its intentions known to file a Civil Complaint for Forfeiture by September 4, 2018, the response period laid out under 18 U.S.C. § 983(a)(3)(A).

Next, on July 11, 2018, petitioner filed his second motion for return of property, this time (presumably following the government's lead) pursuant to the general rules for civil forfeiture proceedings, 18 U.S.C. § 983(f). [Doc. 8]. Under subsection (f), "Release of Seized Property," when no complaint has been filed a claimant may file a petition with the District Court in which the property was seized. *Id.* at § 983 (f)(3)(A)[1]. When a claimant makes such a petition, the Court

---

[1] The text of 18 U.S.C § 983 (f)(1) entitles a claimant to immediate release of seized property if:

"(**A**) the claimant has a possessory interest in the property;
(**B**) the claimant has sufficient ties to the community to provide assurance that the property will be available at the time of the trial;
(**C**) the continued possession by the Government pending the final disposition of forfeiture proceedings will cause substantial hardship to the claimant, such as preventing the functioning of a business, preventing an individual from working, or leaving an individual homeless;
(**D**) the claimant's likely hardship from the continued possession by the Government of the seized property outweighs the risk that the property will be destroyed, damaged, lost, concealed, or transferred if it is returned to the claimant during the pendency of the proceeding; and
(**E**) none of the conditions set forth in paragraph (8) applies."

must render a decision on the petition no later than 30 days from the date of filing, unless such 30 day limitation is extended by consent of the parties or by the Court for good cause shown. *Id*. at § 983 (f)(5).

Considering this background, the Court makes the following rulings:

1. The Motion for Return of Property brought pursuant to Federal Rule of Criminal Procedure 41(g) (doc. 1) is **DENIED.** Federal Rule of Criminal Procedure 41 is not the proper vehicle to bring such request for return of property given the facts of this case, where no underlying criminal case exists nor was the property seized pursuant to a search warrant. *See e.g. Matter of Search of Clubhouse Compound of Outlaws Motorcycle Club, located at 9371 Holland St., Jacksonville, Duval Cty., Fla.,* No. 3:06-MJ-1099-HTS, 2011 WL 13273134, at *1 (M.D. Fla. Mar. 1, 2011) (denying a motion for return of property under Rule 41 because "there is persuasive authority holding such motions cannot be entertained absent the initiation of more substantive criminal proceedings"); *In re Search of S & S Custom Cycle Shop*, 372 F. Supp. 2d 1048, 1050 (S.D. Ohio 2003) ("Where no other criminal proceeding, other than the execution of a search warrant, has been initiated, the Sixth Circuit and other federal courts have routinely recognized that an action to retrieve property taken pursuant to a search warrant is in the nature of a 'civil complaint'"); *White Fabricating Co. v. United States,* 903 F.2d 404, 407-08 (6th Cir.1990) (recognizing that a motion filed pursuant to former Rule 41(e) prior to commencement of criminal proceedings is actually equitable in nature and should be treated as a "civil complaint").

The Court is aware that district courts within the Seventh Circuit have taken a different approach from those of the courts used as exemplifiers *supra* and have held that a motion for return of property pursuant to Rule 41(g) may stand independently when no criminal proceedings underlay it. For example, the Eastern District of Wisconsin in *In re Search of 3765 Kettle Court E., Delafield, Wisconsin,* No. 09-M-25, 2009 WL 1508165 (E.D. Wis. May 29, 2009) held that "when there is no pending related criminal proceeding, a Rule 41(g) motion is brought under the magistrate judge case number that relates to the underlying search warrant." However, this variance still does not demonstrate the validity of petitioner's Rule 41(g) motion as there is no applicable search warrant issued in this case.[2] Accordingly, petitioner's motion for return of property pursuant to Federal Rule of Criminal Procedure 41(g) (doc. 1) is **DENIED.**

2. The Court now turns to petitioner's motion for return of property pursuant to 18 U.S.C. § 983(f) (doc. 8), filed after the government's response to petitioner's original motion under Rule 41(g). Under § 983(f), a claimant may move for the immediate release of seized property in the district court where the property was seized if certain conditions are demonstrated. Once the petition is filed, the Court must render its ruling within 30 days. *Id*. at § 983 (f)(5).

In the July 11th motion, petitioner alleges substantial hardship to his business and livelihood if the return of his RV is not imminent. Per § 983 (f)(1)(D), petitioner's allegations attempt to demonstrate that "continued

---

[2] The seized property at issued was taken by Pontoon Beach police officers during a traffic stop occurring on May 31, 2018. *See* doc. 1 at ¶¶ 9; 18.

4

possession by the Government of the seized property outweighs the risk that the property will be destroyed, damaged, lost, concealed, or transferred if it is returned to the claimant during the pendency of the proceeding." Accordingly, the motion is valid and it is appropriate for the defendants to file a response.

3. Regarding the motion for return of property pursuant to 18 U.S.C. § 983(f) (doc. 8) and the accelerated timeline dictated by statute, the defendants are **DIRECTED** to file their response by **July 30, 2018.** Petitioner has up to and including **August 3, 2018** to file a reply, if exceptional circumstances warrant the filing. *See* SDIL Local Rule 7.1 (g): **"Reply briefs are not favored and should be filed only in exceptional circumstances.** The party filing the reply brief shall state the exceptional circumstances."

**IT IS SO ORDERED.**

Judge Herndon
2018.07.18
13:20:19 -05'00'

United States District Judge