IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

IN RE THE SEIZURE OF:
One 2018 Forest River Forester 2391
Recreational Vehicle ("RV"),
VIN 1FD2S9M1GKA97463,
$521,550.00 in U.S. Currency, and
miscellaneous property,

_____

PATRICK N. BARBER

    Petitioner,

v.                                      No. 18-mc-0039-DRH

United States of America, Department of
Justice, Drug Enforcement Administration,
And the United States Marshal for the
Southern District of Illinois,

    Respondents.

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

### I.    INTRODUCTION

On May 31, 2018, petitioner Patrick Barber ("petitioner") was traveling westbound on I-70 in Madison County, Illinois, driving a 2018 Forest River Forester 2391 Recreational Vehicle ("RV"). Doc. 8 at p. 2. Pontoon Beach police officers, purportedly operating as agents of the Drug Enforcement Administration OCDETF Highway Interdiction Initiative, pulled petitioner over for a traffic stop and seized the RV, U.S. currency and other miscellaneous property due to the belief that the RV constituted a conveyance which was used, or intended to be

1

used, to transport or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of a controlled substance. Doc. 14 at pgs. 2-3. Petitioner was detained by the officers and remained in custody at the Pontoon Beach police station on the same day, being released around 2:00pm. Doc. 8 at pg. 3. No criminal charges were filed at that time, but the seized property remains in custody of the United States Drug Enforcement Administration ("DEA") as the government contends it is to be used as evidence of petitioner Barber's violation of the law. *See* doc. 14 at p. 6.

On June 5, 2018, petitioner made a request for the immediate possession of his property upon the Drug Enforcement Administration's Local field Office, Special Agent in Charge. Doc. 8 at pgs. 4-5. The notice was served in compliance with 18 U.S.C. § 983(f). Under subsection 983(f)(3), if the property is not released within 15 days from the request, a petitioner may file a petition for release of the property in the district court in which the items were seized.[1] Petitioner indicates that he received no response from the DEA after his request was made nor was any of his property released besides the license plate off of his RV. *Id.* at p. 5. Accordingly, petitioner filed the pending motion for release of seized property under 18 U.S.C. § 983(f). *See* doc. 8.

Respondents filed their objections to the motion on July 30, 2018 (doc. 14). After consideration of the merits of all parties' arguments and the factors laid out under section 983(f)(1) and (f)(8), the Court **DENIES** the petition.

---

[1] The petition for return of property under 18 U.S.C. 983(f)(3) is only filed in the district court where the property was seized, when as here, no complaint has been filed.

2

## II. ANALYSIS

The parties do not dispute the facts, only the conclusions to be drawn from them. Petitioner argues that retention of his RV vehicle renders him homeless and exacerbates a lung condition he suffers from, Idiopathic Pulmonary Fibrosis. *See* doc. 8 at pg. 9. Additionally, petitioner argues great hardship due to the use of his RV as a traveling place of business in which he engages in merchandising of concert paraphernalia and musical performances at events. *Id*. at pg. 10. Petitioner states the two seized cell phones are also used in this business as well as for personal purposes. *Id*.

The United States opposes release of these items, asserting they will be used as evidence of petitioner engaging in the transportation, or the facilitation of transporting, a controlled substance. Doc. 14 at pg. 2. The government argues that petitioner has not proven a significant enough hardship from the retention of the RV and cell phones to outweigh the risks memorialized in section 983 (f)(1). 18 U.S.C. § 983 (f)(1) states:

**(f) Release of seized property.—**

> **(1)** A claimant under subsection (a) is entitled to immediate release of seized property if—
>
> **(A)** the claimant has a possessory interest in the property;
> **(B)** the claimant has sufficient ties to the community to provide assurance that the property will be available at the time of the trial;
> **(C)** the continued possession by the Government pending the final disposition of forfeiture proceedings will cause substantial hardship to the claimant, such as preventing the functioning of a business, preventing an individual from working, or leaving an individual homeless;

3

**(D)** the claimant's likely hardship from the continued possession by the Government of the seized property outweighs the risk that the property will be destroyed, damaged, lost, concealed, or transferred if it is returned to the claimant during the pendency of the proceeding; and
**(E)** none of the conditions set forth in paragraph (8) applies.

Paragraph 8 of subsection 983(f) reads:

**(8)** This subsection shall not apply if the seized property—

**(A)** is contraband, currency, or other monetary instrument, or electronic funds unless such currency or other monetary instrument or electronic funds constitutes the assets of a legitimate business which has been seized;
**(B)** is to be used as evidence of a violation of the law;
**(C)** by reason of design or other characteristic, is particularly suited for use in illegal activities; or
**(D)** is likely to be used to commit additional criminal acts if returned to the claimant.

There is no dispute that under the first factor of section 983 (f)(1), petitioner has a possessory interest in the RV; the vehicle is titled to him.[2] The next factor, whether a claimant has sufficient ties to the community to provide assurance that the property will be available at the time of trial, is not as easily dealt away with. Petitioner states that "as concert tours travel across the United States, Petitioner follows them and set up his place of business at concert venues"; "[D]ue to the nature of his business, Petitioner is required to travel from music venues and events throughout the country." Doc. 8 at pgs. 10-11. This type of perpetual travel does not lend itself to a finding that petitioner has significant

---

[2] Regarding the cell phones, neither party has provided evidence to support a conclusion for or against petitioner's possessory interest. Accordingly, the Court assumes petitioner has a proper, undisputed interest in the phones.

4

ties with a community. As the government points out, sufficient ties to the community are generally found when an individual is "born and raised" or resides within a single community. *See e.g. In re Petition of Moran*, 2009 WL 650281 at *2-3 (S.D. Cal. Mar. 10, 2009). Because petitioner does not call one particular location home, instead traveling consistently around the country, it is dubious whether the property would be available for a future trial.

The next factor, embodied in section 983 (f)(1)(C), requires the most attention. Subsection (C) asks the court whether the continued possession of the seized property by the Government will cause substantial hardship to the claimant. *See id.* Specific examples of what constitutes a "substantial hardship" are offered by the statute and include the seizure preventing an individual from working or leaving an individual homeless. While petitioner's filing certainly hits on these "buzzwords" in an attempt to plead his position, the Court is not convinced the hardship caused by loss of use of the RV is as severe as petitioner contends.

Petitioner states he needs the RV to transport certain items needed in his musically-based enterprise, including the moving of concert T-shirts and compact disks (CD's). Doc. 8 at pg. 10. Additionally, petitioner states he plays musical performances and uses the RV to transport equipment like guitars, amplifiers, and microphone stands. *Id*. While the Court understands that having a vehicle as large as an RV would render more ease of mobility in consistently transporting the above items, it cannot say that without an RV the movement of such wares is

impossible. This is especially true given the government provided evidence of petitioner's purchase of a 2018 Toyota Tundra 4x4, SR5 Double Cab FFV just fourteen days after the seizure of the property in question and purchased with a Cashier's Check. The Court infers from that purchase that the petitioner has ready access to ample cash.

Clearly, petitioner had the financial means to purchase a new vehicle and in doing so, has a mode of transportation to continue his music business traveling the country to various concert venues. *See United States v. $6,787.00 in U.S. Currency*, 2007 WL 496747 at *2 (N.D. Ga 2007) (no substantial hardship where car salesman had other means of transportation besides his seized luxury vehicle and lack of the preferred vehicle did not prevent the "functioning" of the business or prevent salesman from working). Petitioner's rebuttal is that a pick-up truck is not a perfect substitute for an RV as the truck has more limited space and purportedly cannot safely transport the goods. *See* doc. 15 at pg. 4. But *see In re Petition of Moran*, 2009 WL 650281 at *3 (the fact that a party's life has been made more difficult by seizure of a vehicle is insufficient to demonstrate substantial hardship; the Court reasoned that while the "inability to use the seized vehicle more likely than not has made Moran, Sr.'s life more difficult . . . The evidence before the Court simply does not demonstrate that the release of the seized vehicle is necessary to prevent 'substantial hardship.'").

The Court, while sympathetic to petitioner's concerns that the RV is more conducive to his activities, cannot find that a substantial hardship exists without

its use. Per both sides' statements, petitioner has continued to travel and attend the music festivals he wants, even continuing his business – albeit, at a reduced capacity. These facts, while perhaps demonstrating annoyance, do not demonstrate substantial hardship. *See $6,787.00 in U.S. Currency*, 2007 WL 496747 at *2. This finding is also true in application to petitioner's contention that seizure of the RV has rendered him homeless. While petitioner might prefer to use the RV as his dwelling, the facts presented to this Court[3] demonstrate that petitioner is in a financial position that would allow him to find an appropriate residence other than the RV. Accordingly, the Court submits no finding of substantial hardship by the government's continued possession of the property.[4]

Finally under section 983 (f)(1)(D), the Court must weigh the claimant's likely hardship against the risk that the property will be destroyed, damaged, lost, concealed, or transferred if it is returned to the claimant during the pendency of the proceeding." The Court must consider whether the release of any seized property would create concerns with its preservation. With respect to the RV and petitioner's use of it to travel the country, preservation is more than a minor concern due to the transitory nature of any vehicle, let alone one that is used

---

[3] *See supra* at page 6 regarding petitioner's purchase of a vehicle for $42,776.00 paid for with a Cashier's Check.

[4] The two cell phones in question present even less of a hardship than the RV as analyzed above. Clearly, petitioner can easily replace a cell-phone with minimal hurdles as cell-phones are prevalent and accessible to the masses. Additionally, petitioner makes no argument as to the importance of these particular phones to his business besides one sentence stating minimally, that the phones are used "for business and personal purposes." Doc. 8 at pg. 10. The allegations do not provide the Court with enough information to find that petitioner would suffer a substantial hardship without them.

7

specifically to travel state to state. There is a great concern that the petitioner's seized property, if released, would not then be available at a trial or any subsequent forfeiture proceeding, which the government had indicated it intends to bring by September 4, 2018. *See* doc. 7. Thus, the Court finds that any hardship created by retaining the property is outweighed by the above risks.

Further, on top of the Court's analysis above, 18 U.S.C. § 983 (f)(8) states that seized property should not be released if it is to be used as evidence of a violation of the law; by reason of design or other characteristic, the property is particularly suited for use in illegal activities; or the property is likely to be used to commit additional criminal acts if returned to the claimant. *Id*. Here, the government contends that the property was seized due to belief that the RV constituted a conveyance which was being used to convey a controlled substance and that the cell phones are to be used as evidence of violations of the law.[5] Indeed, upon inspection of the RV, a hidden compartment was found locked with a 3-digit combination lock. *See* doc. 15 at pg. 6. It is not unreasonable at this point to believe that the compartment may be used to facilitate transportation of drugs, as the government indicates in its briefing. Accordingly, even if the Court had found that a weighing of the factors in section 983 (f)(1) leaned in favor of releasing the property, section 983 (f)(8) forbids it.

Based on the foregoing analysis, the petition for release of seized property

---

[5] The Court is aware that unlike the majority of case law concerning the issues broached here, there are no current criminal charges and/or active civil forfeiture proceeding. Nonetheless, based on the government's allegations regarding criminal activity and the representation to the Court that at a minimum, a civil forfeiture proceeding will begin by September 4, 2018, the Court finds its analysis appropriate at this juncture of the litigation.

pursuant to 18 U.S.C. § 983(f) is **DENIED.**

**IT IS SO ORDERED.**

Judge Herndon
2018.08.09
06:25:28 -05'00'

United States District Judge